# Griffin v. Drennen, et al.

*Bill by Tax-payer to Require Mayor to Refund Part of Salary in Excess of Twenty-five Hundred Dollars.*

(DECIDED JAN. 30, 1906. |Só. REP. 1016.)

1. *Statutes; Title; Subject of Title; Statement.*—The act (General Acts 1903, p. 108.) entitled an "act to fix and provide for the salaries of Mayors in cities in this State," declaring that the mayors of all cities having a population of morè than 35,000 people according to the last federal census, shall receive a salary of $2,500.00 per annum, is not unconstitutional on the ground that its subject is not stated in its title, as required by Sec. 45, constituicn of 1901.

2. *Same; Local Acts; Notice.*—The act of 1903, p. 108 is not a local act, as it operates upon all cities of a certain class in the state, or that may attain to that class, but is a general act, and it is not necessary to its validity that notice of intention to introduce it be given.

*Rehearing granted April 3rd, 1906.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

The bill was filed by appellant as a citizen and taxpayer of the city of Birmingham, on behalf of himself and other tax-payers, against the mayor of Birmingham, and the mayor and aldermen of the city, for a mandatory injunction requiring the said mayor to repay to the city treasury the excess in salary collected by him from May 1st, 1903, to Dec. 31st, 1904. The bill alleges the passage of the act construed in the opinion, sets up that Birmingham is in the class of cities mentioned in said act, and that the mayor, Drennen, was not entitled to collect from said city treasury an amount greater than $2,500.00 per annum monthly. That notwithstanding the act in question, said Drennen has continued to collect from the city treasury the sum of $3,600.00; that the city council, or board of aldermen had taken no steps to have such excess refunded to the city.

[Griffiin v. Drennen, *et al.*]

The defense set up by way of demurrer and motion to dismiss the bill for want of equity, was that the act relied on was unconstitutional, in not stating its subject clearly and in that it was a local act and no notice of its intended introduction was published as required by the constitution of 1901. Drennen, personally and as the mayor of Birmingham, and those constituting the board of aldermen were made parties respondent.

The chancellor sustained the demurrers and granted the motion to dismiss for want of equity, and from this decree this appeal is prosecuted.

CABANISS & WEAKLEY, for appellant.—The case turns on the question whether the act of Feb. 26th, 1903, is a general or local law. The appellant contends that the act makes a proper classification of the cities of the state; that it relates to the two cities as a class, and not to the particular cities *of a class,* and that it will include others as they reach the designated population.—*Matter of Church,* 92 N. Y. 1; *Matter of New York Elevated R. R. Co.,* 70 N. Y. 328.

The classification adopted by the act is proper and legitimate and said act is general and not special or local legislation, although but two cities were embraced by the legislation at the time of the passage of the act.—*State ex rel Covington v. Thompson,* 142 Ala. 98; *Givens v. Hillsborough County,* 35 So. Rep. 88; *Ex parte Wells,* 2, Fla. 280; *Bloxham v. R. R. Co.,* 35 Fla. 625, 17 So. Rep. 902; *Matter of Church,* 72 N. Y. 1; *People v. Squire,* 107 N. Y. 1.

A classification by population is proper, and the act in question not only applies to cities embraced within the term at the passage thereof, but will embrace others, as they reach the population named, as shown by any future census.—("last U. S. census") ; *Campbell v. Indianapolis,* 155 Ind. 186, 57 N. E. 920; ("last state or national census") ; *Johnson v. Milwaukee,* 88 Wis. 383, 60 N. W. 270. See also *Wheeler v. Philadelphia,* 77 Pa. St. 338; *Boyd v. Milwaukee,* 92 Wis. 456; *State v. Board of Trustees,* 98 Wis. 954; *State v. Speed,* 81 S. W. 1260; 183 Mo. 186; *Ex parte Loving,* 77 S. W. 508; *Lynch v. Murphy,* 119

[Griffin v. Drennen, *et al.*]

Mo. 163, 24 S. W. 774; *R. R. Co. v. Tere Haute*, (Ind.) 67
N. E. 686.

Demand upon the council was not necessary; such demand would have been futile, because the council is now contending that the act is invalid, and furthermore a majority of the council participated in the wrongful act of paying out the money and ought not to be permitted to control the litigation.—*Power Co. v. Lahey,* 121 Ala. 131 and cases cited.

The cases cited by appellee, 14 L. R. A. 725 and 2 L. R. A. 577 have no application.

ON REHEARING.

The real subject of the act being salaries of mayors was clearly expressed in the title, and the application of the general subject was a matter of detail. If the title of an act is single and directs the mind to the subject of the law in a way calculated to direct the attention truly to the matter which is proposed to be legislated upon, the objection of the constitutional provision is satisfied. The court has fallen into error by confusing the *object* or *purpose,* of the act with its subject.—*Mobile Transportation Co. v. City of Mobile,* 128 Ala. 335; *State v. Sayre,* 118 Ala. 1, 36; *State v. Rogers,* 107 Ala. 444; *State v. Street,* 117 Ala. 203; *Sheppard v. Dowling,* 127 Ala. 1; *Ex parte Pollard,* 40 Ala. 77; *Alleghany County Home's Appeal,* 77 Pa. St. 77; *In re Burris,* 66 Mo. 442; *State v. Gunn,* (Minn,) 100 N. W. 97; *Fahey v. State,* 27 Tex. Appeals, 146, 11 Am. St. Rep. 182.

E. D. SMITH, for appellee.—But for the act set out in the bill of complaint the action of the board of mayor and aldermen of Birmingham in fixing the mayor's salary at $300.00 a month is authorized; and it is still authorized if the said act be void for any reason.—*Perryman et al v. City of Greenville,* 51 Ala. 507; *Lindsay v. Mayor & C.,* 16 So. Rep. 545; *Lord v. Mobile,* 21 S. Rep. 386; *Arndt v. Cullman,* 31 S. Rep. 438; *Charter of City of Birmingham,* Sec. 21 (acts 1898-9, p. 1391.; *Spalding v. W. S. F. & C. Ass'n,* 87 Cal. 40; *Paulsen v. Portland,* (U. S. Rep.) 37 L. Ed., 641; *Auditor Gen. v. Hoffman,* 93 N. W. 259; *Gas L. & C. Co. v. New Albany,* 63 N. E. 469.

[Griffin v. Drennen, et al.]

The act relied upon by appellant is a local law, void both in substance and on account of the manner of its passage.—*Denny v. State, etc.*, 31 L. R. A. 762; *State, etc. v. Cunningham*, 15 L. R. A. 561; *Constitution of Ala.* Sec. 110; Sec. 147; *Wallace v. Board of Rev. of Jeff. Co.*, 140 Ala. 491; *Edmunds v. Herbrandson*, 14 L. R. A. 725; *Appeal of P. D. Ayers et al* (Penn); 2 L. R. A. 577; *Constitution of Alabama*, Sec. 104, Par. 18; *Little v State*, 35 So. Rep. 134; *Constitution of Alabama*, Sec. 106.

Appellant's bill of complaint was prematurely brought.—2 *Dill. Mun. Corp.* (4 Ed.), p. 915; *Montgomery L. & P. Co. v. Lahey et al*, 121 Ala. 131.

ANDERSON, J.—This appeal involves the constitutionality of Act 1903, p. 108, entitled "An Act to fix and provide for the salaries of mayors in cities in the state of Alabama."

Upon the former consideration of this case we concluded that the act in question was violative of section 45 of the constitution, upon the idea that the title was deceptive and misleading, in that it did not clearly express the subject of the law as it was enacted. The title, however, provided for legislation relating to cities in Alabama, and was sufficient to inform the public, and the inhabitants of each city in the State, that the passage of the law would be attempted with reference to the salaries of mayors, and was germane to the subject and sufficiently comprehensive of the particulars of the body of the act. "When the subject may be comprehended in the title the act must be upheld."—*Mobile Co. v. City of Mobile*, 128 Ala. 335, 30 South. 645, 64 L. R. A. 333, 86 Am. St. Rep. 143; *Adler v. State*, 55 Ala. 21; *Ballentyne v. Wickersham*, 75 Ala. 536; 23 Am. & Ency. Law, 229, 235; *State v. Sayre*, 118 Ala. 1, 24 South. 89; *State v. Rogers*, 107 Ala. 444, 19 South 909, 32 L. R. A. 520; *Allegany Co. Case*, 77 Pa. 77; *State v. Street*, 117 Ala. 203, 23 South. 807; *Sheppard v. Dowling*, 127 Ala. 1, 28 South. 791, 85 Am. St. Rep. 68.

The issue involved in the court below was whether or not the act in question was repugnant to the Consti-

tution, in that no notice was given of the intended passage of same as required by section 106 of the constitution of 1901. In determining this question we must consider whether this is a general or local law. It is a fundamental rule for the construction of statutes that they will be considered to have a prospective operation, unless a legislative intent to the contrary is expressed, or is necessarily to be implied from the language used.— *Greenwood v. Trigg & Dobbs,* 143 Ala. 617, 39 South. 361; *Lindsey's Case,* 120 Ala. 156; 26 Am. & Eng. Ency. Law, 693. We do not think the act in question refers to the census of 1900, but to the last census previous to the fixing of the salary, and is not, therefore, confined in its operation to cities with a population of 35,000 or over at the time of its passage. If the law applies to all cities in the state, although but two of them may be presently affected thereby, it is a general law, if all other cities should come within the provision thereof upon attaining the requisite size.—*State v. Thompson,* 142 Ala. 98, 38 South. 679; *Wheeler v. Philadelphia,* 77 Pa. 338; *Van Riper v. Parsons,* 42 N. J. Law, 51; *Matter of Church,* 92 N. Y. 1.

The judge of the city court erred in sustaining the motion to dismiss and the demurrers to the bill, and the rehearing is granted, the decree of the city court is reversed, and one is here rendered overruling the motion and demurrers and remanding the cause.

Reversed, rendered, and remanded.

HARALSON, TYSON, DOWDELL, SIMPSON, and DENSON, JJ., concur.