# Drennen *v.* Griffin.

*Bill by Tax Payer to Require Mayor to Refund Part of Salary in Excess of Twenty-Five Hundred Dollars.* ·

(Decided April 18, 1907.　43 So. Rep. 785.)

1. *Appeal; Review; Former Decision.*—This court will not review on a second appeal demurrers to a bill which were held on the former appeal to be without merit.

2. *Municipal Corporations; Compensation of Officers; Rights of Tax Payer to Compel Re-Payment; Estoppel.*—The fact that a tax payer knew that the mayor and board of aldermen had fixed the mayor's salary at a sum exceeding that allowed by . law without objecting thereto and without objecting to the payment of the excess, does not estop such tax payer to sue such officer to require a re-payment to the city from the ex-. cess so collected.

3. *Pleading; Plea; Matter Permissible.*—A plea to a bill to require the mayor to repay to the city treasury the excess of salary allowed by law paid to him which alleges that the act is unconstitution; that the complainant is without authority to sue; that no demand has been made on defendant to return the excess; that it is not alleged that the salary was paid under mistake of fact or that any fraud was committed by him, and that it appeared that the salary was paid under a mistake of law and not of fact, is properly stricken; such matters being subject of demurrer and not of plea.

APPEAL from Birmingham City Court .

Heard before Hon. CHARLES W. FERGUSON.

Bill by George Griffin against W. M. Drennen and others.　From a decree for plaintiff, defendant Drennen appeals.　Affirmed.

This case is reported in 40 South. 1016, and 145 Ala. 128, and the purpose and allegations of the bill and the main defenses set up to it appear in the report of the case as above set out.　On the resubmission of the cause there were demurrers raising the question of the con-' stitutionality of the act fixing salaries of mayors in

16 R

cities of more than 35,000 population, and that the complainant showed no authority for bringing the suit, and that no demand had been made on Drennen to return the excess to the treasury of the city of Birmingham, and that it is not averred that the salary was paid to Drennen under a mistake of fact, or that any fraud was committed or participated in by him, and that it appears that said salary was paid under a mistake of law, and not of fact. The pleas alluded to in the opinion raise the same question as those raised by the demurrers, except the seventh which is as follows: "(7) Respondent, for plea, says that the mayor and aldermen of Birmingham fixed the salary of respondent at $3,600 per annum, as set forth in the bill of complaint, which fact was known to complainant in this cause, as a citizen of said city of Birmingham, and that, notwithstanding 'this fact, complainant interposed no objection thereto, and raised no objection to the payment on the part of said city to respondent of said excess, knowing at the time that respondent in this cause was rendering to the said city services as mayor, and was receiving in consideration thereof the said $300 per month." Demurrers were interposed to this and the other pleas, because they were duplicitous and do not tend to one point, and said pleas allege objections which should have been properly raised by demurrer. This demurrer was sustained, and the cause was submitted for final hearing, and the decree was rendered against the respondent for the difference in salary collected from that allowed, with interest from date on each item.

E. D. SMITH, and STALLINGS, NESMITH & DRENNEN, for appellant.—The court erred in striking the demurrer filed by defendant.—*Shaw v. Lindsey*, 60 Ala. 344; 6 Ency P. & P. 433-434. The court erred in striking the pleas of defendant from the file.—*Town of New Decatur v. Scharfenburg*, 41 South. 1025; Sec. 3295, Code 1896; 16 Ency of P. & P. 588-589. The act named in the bill of complaint under which relief is sought is unconstitutional and void.—*Griffin v. Drennan*, 40 South. 1016; *Lindsey v. U. S. S. & L. Asso.*, 120 Ala. 156; *Perryman*,

*et al. v. City of Greenville,* 51 Ala. 507; *Lindsey v. Mayor, etc.,* 16 South. 545; *Lord v. Mobile,* 21 South. 386; *Arndt v. Cullman,* 31 South. 438; *Charter of City of Birmingham,* Sec. 21, (Acts 1898-9, p. 1391) ; *Spalding v. W. S. F. & C. Asso.,* 87 Cal. 40; *Paulsen v. Portland,* (U. S. Rep.) 37 L. Ed. 641; *Auditor Gen. v. Hoffman,* 93 N. W. 259; *Gas L. & C. Co. v. New Albany,* 63 N. E. 469; *Denny v. State,* 31 L. R. A. 762; *State, etc. v. Cunningham,* 15 L. R. A. 561; Constitution of Alabama, Sec. 110; Constitution of Alabama, Sec. 140; *Wallace v. Board of Rev. of Jefferson Co.,* 37 South. 321; Advance Sheets, No. 12; *Edmunds v. Herbrandson,* 14 L. R. A. 725; *Appeal of P. D. Ayers, et al.,* (Penn.) 2 L. R. A. 577; Constitution of Alabama, Sec. 104 Par. 18; *Little v. State,* 35 South. 134; Constitution of Alabama, Sec. 106. The complainant has no right to bring this bill except upon request of 'the mayor and aldermen or some facts stated which would excuse him from such request. *Montgomery L. & P. Co. v. Lahey, et al.,* 121 Ala. 131; 2 Dillon Munic. Corp. 915. Money paid under a mistake of law and not under a mistake of facts cannot be recovered.—34 Ala. 400; 60 Ala. 563; 64 Ala. 468; 66 Ala. 194; 109 Ala. 657. No demand ever having been made upon respondent to return the money voluntarily paid to him, complainant is estopped from instituting this suit.—*M. & C. Ry. Co. v. Grayson,* 88 Ala. 572; *Jordan v. Collins,* 107 Ala. 573.

CABANISS & BOWIE, for appellee.—There is no new question in this case, the matters complained of having been settled on the former appeal.—*Griffin v. Drennan,* 145 Ala. 128. All the allegations of the bill not admitted by the answer were fully proven and the court properly rendered the decree appealed from.

TYSON, C. J.—When this cause was before this court upon a former appeal, it was held that the demurrer, comprising a number of assignments, to the bill, was not well taken, and accordingly a decree was rendered in this court overruling it and remanding the cause— *Griffin v. Drennen et al.,* 145 Ala. 128, 40 So. 1016. Without the bill being amended the respondent Drennen interposed to it a demurrer containing the same grounds

[Drennen v. Griffin.]

as the one heretofore ruled upon by this court to have been not well taken, and additional grounds, and also answered the bill, admitting every material allegation of fact averred in it, except that complainant is a taxpayer in the city of Birmingham, and incorporating in his answer a number of pleas. The chancellor on motion, struck the demurrer and pleas.

It is not insisted that this was error, unless it can be affirmed that the demurrer was well taken to the bill and that the pleas were a defense to it. We must decline to reconsider those grounds of the demurrer, which were held by this court on former appeal to be without merit. And this disposes of every assignment of the demurrer insisted on, except the one asserting an estoppel on the part of the complainant to maintain the bill, which is so clearly without merit as not to need any further comment. Those of the pleas insisted on as presenting good defenses, except perhaps the seventh, are nothing more than a reiteration of the several grounds of the demurrer which are overruled by this court. Besides, no one of them presented matter of defense proper for a plea, but should have been set up by demurrer as was done. The facts averred in the 7th plea do not show that the complainant was estopped to maintain the bill.

The complainant, having established by proof the only fact averred in the bill not admitted by the answer, was entitled to the relief decreed.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.