(76 South. 45)

WILKINSON v. STILES, Judge.

(6 Div. 504.)

(Supreme Court of Alabama. May 17, 1917.)

1. STATUTES ⚖=64(1)—CONSTRUCTION—PARTIAL INVALIDITY.

It is the general rule of statutory construction that if by striking out a void exception, proviso, or other restrictive clause the remainder, by reason of its generality, will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent, and the whole would be affected and made void by the invalidity of such part.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58, 195.]

2. STATUTES ⚖=64(4)—CONSTRUCTION—PARTIAL INVALIDITY.

Acts 1915, p. 770, as to abandonment by cities of the commission form of government, but providing that it shall not apply to cities of 35,000 or over, cannot be held void as to the exception, and otherwise valid, since that would extend the law to every city contrary to express legislative mandate.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 61, 195.]

3. STATUTES ⚖=94(1) — LOCAL ACTS — WHAT CONSTITUTES.

Mere fact that Acts 1915, p. 770, as to abandonment by cities of commission form of government excepts cities of 35,000 or over, does not render it a local act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 103.]

4. STATUTES ⚖=120(3)—SUBJECTS AND TITLES OF ACTS.

Mere failure of title of Acts 1915, p. 770, as to abandonment by cities of commission form of government, excepting from its operation cities of 35,000 or over, to specify the exception, does not render it repugnant to Const. § 45, as to subjects and titles of acts.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 171.]

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. CONSTITUTIONAL LAW ⬚48—STATUTES—CONSTRUCTION—AMBIGUITY.**

Where a statute is reasonably susceptible of two constructions, the one must be given that will uphold rather than the one which would work destruction, although the one given may be the less natural.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Statutes, Cent. Dig. § 56.]

**6. STATUTES ⬚94(1) — VALIDITY — LOCAL ACTS.**

Acts 1915, p. 770, as to abandonment by cities of commission form of government, excepting from its operation cities of 35,000 or over, cannot be held a local law, as applying only to those cities of less than 35,000 which had that form of government on passage of the act, since it is susceptible of construction, making it applicable to all cities having such form of government at the time of petition for change.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 103.]

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Proceeding by Horace C. Wilkinson against J. P. Stiles, as Judge. From the decree rendered, petitioner appeals. Affirmed.

Horace C. Wilkinson, of Birmingham, pro se. M. M. Ullman, of Birmingham, for appellee.

ANDERSON, C. J. The petitioner seeks to have the respondent, Stiles, receive, examine and certify as to a petition for holding an election for the purpose of abandoning the commission form of government in the city of Birmingham. The only authority for such action on the part of the respondent must come from the act of 1915, p. 770, and as the same expressly provides that it shall not apply to cities having a population of 35,000 or more, and as Birmingham belongs to said excepted class, the respondent had no lawful right to act upon the petition in the manner as sought by petitioner and properly declined to do so. It is insisted, however, by the appellant that the proviso, or exception part of the act, is invalid and should be stricken so as to make the act apply to all cities in the state. Of course, if the act is constitutional in its entirety, the petitioner has no standing, as the same does not apply to Birmingham, or if it is invalid in toto he has no right to the relief sought, as it is the only law which warrants a change by a city from the commission form of government. Therefore the only theory upon which the petitioner can be entitled to relief would be for this court to strike down the exception and uphold the act. In other words, apply the act to every city in the state notwithstanding the Legislature has in plain and unambiguous words said that the same shall not apply to cities having a population of 35,000 or more.

[1, 2] It is the general rule of statutory construction that if by striking out a void exception, proviso, or other restrictive clause, the remainder, by reason of its generality, will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent, and the whole would be affected and made void by the invalidity of such part. Lewis' Sutherland on Statutory Construction, § 306, and cases cited under notes 67 and 68. The foregoing section 306 was quoted from and approved in the case of State ex rel. Collman v. Pitts, 160 Ala. 139, 49 South. 441, 686, 135 Am. St. Rep. 79. If a clause in a statute which violates the Constitution cannot be rejected without causing the act to enact what the Legislature never intended, the whole statute must fall. Sprague v. Thompson, 118 U. S. 90, 6 Sup. Ct. 988, 30 L. Ed. 115; Marsh v. Hanly, 111 Cal. 368, 43 Pac. 975; Kelley v. State, 6 Ohio St. 269. Here we have a clause expressly excepting cities of a population of 35,000 or more, and to strike said clause and uphold the rest of the act would extend the law to every city in the state, although the Legislature said that it should not do so. This is an entirely different question from the one considered in the case of State v. Davis, 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23, and kindred cases, as they dealt with matter which was either not cognate to the title, or which involved two subjects, and where the act was independent and complete, with the objectionable feature discarded, and the result of which holding tended to narrow the law rather than extend it as to territory or subject, so as to make it do something that the Legislature never intended, as would be the case in striking the exception or provision in question and upholding the remainder of the act.

[3, 4] While we have discussed this question upon the line of the appellant's contention, we do not mean to hold that the exception renders the act repugnant to the Constitution, as the exception of cities of a certain class would not necessarily render it a local law. Nor would the failure of the title to mention the excepted cities necessarily render the act repugnant to section 45 of the Constitution. Griffin v. Drennen, 145 Ala. 128, 40 South. 1016; Id., 150 Ala. 241, 43 South. 785.

[5, 6] Neither are we persuaded that the act is subject to the criticism made by counsel for appellee; that is, that it is a local law because it deals only with cities of a population of under 35,000, which had the commission form of government at the time of the passage of the act and did not apply to all cities of the same class. We do not wish to decide that this interpretation would render it a local law, but with this contention conceded, the act is reasonably susceptible of the construction that it applies to all cities having less than 35,000 inhabitants which had the commission form of government at the time of the passage of the same,

and also those which may have said form of government at the time of the petition for a change. It is true, the act uses the words "may have heretofore adopted a commission form of government," but when it is taken in its entirety, title and body, it indicates a legislative intent to deal with a future status as well as the existing one. Where a statute is reasonably susceptible of two constructions, the one must be given that will uphold, rather than the one which would work destruction, although the one given may be the less natural. Collman v. Pitts, 160 Ala. 133, 49 South. 441, 686. Moreover, this identical statute has been heretofore upheld and enforced in the case of the State ex rel. Terry v. Lanier, 72 South. 320, 197 Ala. 1.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.