(101 So. 58)

**STONE, County Treasurer, v. STATE ex rel. BERNEY, Judge. (I Div. 554.)**

(Court of Appeals of Alabama. June 3, 1924. Rehearing Denied June 17, 1924.)

1. Judges ⊜⇒22(2)—Statutes ⊜⇒102(4)—Act increasing salaries of circuit court judges held constitutional.

Gen. Acts 1923, pp. 125, 126, providing for increased salaries for circuit judges in certain circuits partially payable by the county, held not to violate Const. 1901, § 68, prohibiting extra compensation after services are rendered, section 150, prohibiting diminution but not increase of circuit judge salaries, section 281, prohibiting increase or decrease of salaries of "public officers," section 105, prohibiting special, private, or local laws, though the statute applied to one county only at time of passage, or section 218, prohibiting the Legislature to require counties to pay charges "now payable out of the state treasury," especially in view of sections 148 and 171.

2. Statutes ⊜⇒255—Effective on date of approval.

An act becomes effective on the date it is approved.

3. Constitutional law ⊜⇒15—Constitution should be construed as a whole.

The Constitution should be construed as a whole and effect given to each and all of its provisions.

4. Judges ⊜⇒22(2)—Constitutional provision prohibiting decrease of salary of judge impliedly authorizes increase.

Const. 1901, § 150, prohibiting the Legislature from decreasing salaries of judges of courts of record, by implication, authorizes increasing them, since, if intended to prevent legislative increase, it would have said so.

5. Statutes ⊜⇒68—Law held "general law," though when passed it might not be applicable to whole state.

A law which is general in its terms, and so framed that all parts of the state may come

---

within its operation is a "general law," not within prohibition of Const. 1901, § 105, though when passed there might be parts of the state to which it could not apply.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Law.]

**6. Constitutional law 48—Courts will not declare statute unconstitutional when in doubt.**

No court will ever declare a statute unconstitutional when in doubt as to its invalidity.

**7. Constitutional law 19—Contemporaneous construction of Constitution considered when court is in doubt as to constitutionality of statute.**

Whenever the court is in doubt as to validity of a statute, it will look to contemporaneous construction placed upon the Constitution by the Legislature, as well as officers charged with administering the laws, especially when legislative construction was contemporaneous or 'nearly so with adoption of the constitutional provision, and many similar statutes have been enforced for half a century.

Appeal from Circuit Court, Mobile County; Ben D. Turner, Judge.

Petition of the State of Alabama, on the relation of Saffold Berney, Judge, for writ of mandamus to George E. Stone, as Treasurer of Mobile County. From a judgment awarding the writ, respondent appeals. Affirmed with directions.

Certiorari denied by Supreme Court in Ex parte George E. Stone, Treasurer, etc., 211 Ala. 601, 101 South. 62.

George E. Stone, of Mobile, pro se.

The circuit court erred in granting the relief prayed. Const. 1901, §§ 45, 68, 104–110, 150, 218; Const. 1875, §§ 8, 9; Code 1896, §§ 920, 929, 930; Acts 1915, pp. 716, 934; Acts 1919, pp. 2, 257, 258, 994, 691, 547; Reynolds v. Collier, 204 Ala. 38, 85 South. 465.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

Section 150 of the Constitution takes the compensation of judges without the operation of other sections of the Constitution prohibiting the increase in compensation of officers generally. Const. 1901, § 150; Willett v. Weaver, 205 Ala. 268, 87 South. 601; White v. State ex rel. Denson, 123 Ala. 577, 26 South. 343; State v. Sanders, 187 Ala. 79, 65 South. 378, L. R. A. 1915A, 295; Commonwealth, etc., v. Mathues, 210 Pa. 372, 59 Atl. 961. All reasonable doubts and intendments must be resolved in favor of the validity of the act, and of the legislative authority to pass and put into immediate effect the law so passed. Macon Co. v. Abercrombie, 184 Ala. 283, 63 South. 985; Lovejoy v. City of Montgomery, 180 Ala. 473, 61 South. 597; Brandon v. Askew, 172 Ala. 160, 54 South.

605; Board of Revenue, etc., v. State ex rel., 172 Ala. 138, 54 South. 757; State ex rel. v. Board of Revenue, 180 Ala. 489, 61 South. 368. The Constitution has not impaired or restricted the power of the Legislature to classify, in good faith, and not arbitrarily, subjects of and for legislation. Board of Revenue v. Huey, 195 Ala. 83, 70 South. 744; State ex rel. v. Thompson, 193 Ala. 561, 69 South. 461; State ex rel. v. Joseph, 175 Ala. 579, 57 South. 942, Ann. Cas. 1914D, 248; State ex rel. v. Thompson, 142 Ala. 98, 38 South. 679. Where there is a doubt about the proper construction to be placed upon a statute or constitutional provision, the contemporaneous construction, placed upon the same by courts and by the officers whose duty it was to construe them, and the popular interpretation, as exemplified in practice for a number of years, should be looked to in reaching a conclusion as to the proper construction. State v. Board, 183 Ala. 554, 63 South. 76; Shepherd v. Sartain, 185 Ala. 439, 64 South. 57; State ex rel. v. Henderson, 199 Ala. 244, 74 South. 344, L. R. A. 1917F, 770.

BRICKEN, P. J. The sole question presented for decision on this appeal is the validity and constitutionality of the following act of the Legislature (Gen. Acts 1923, pp. 125, 126):

"Section 1. That in all circuits of the state of Alabama, which are composed of only one county, having more than two judges and less than nine judges, or in circuits which may hereafter be composed of only one county, having more than two judges and less than nine judges, each judge shall receive an annual salary of seven thousand dollars ($7,000.00); four thousand dollars ($4,000.00) of the salary of each of said judges shall be paid out of the state treasury in the manner now or hereafter provided by law, and three thousand dollars ($3,000.00) of the salary of each of such judges shall be paid out of the county treasury of the county constituting such circuit or circuits, in twelve (12) equal installments, upon the warrant or warrants of the judge.

"Sec. 2. That if any section, clause or provision of this act shall be declared unconstitutional, it shall not be held to affect any other section, clause or provision of this act, but the same shall remain in full force and effect.

"Sec. 3. That the compensation of the judges as provided in this act shall be the only compensation they shall receive for their services.

"Sec. 4. That all laws or parts of laws, whether special, general or local, in conflict with this act, are hereby repealed.

"Sec. 5. This act shall become effective upon its passage."

The constitutionality or the validity of the act is raised in the following manner: The relator, Saffold Berney, is one of the judges of the circuit court of Mobile county, which is included within the act copied above. George E. Stone, the respondent, was treas-

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

urer of Mobile county. On the 1st day of October, 1923, relator presented his warrant to respondent as treasurer of Mobile county, requesting that he file and register the warrant as required by law and that he pay to relator, out of the county treasury, the sum of $250, that part of the salary of relator for the month of September, 1923, which was payable out of the county treasury. The respondent declined to file and register the warrant, and declined to pay $250 as authorized by the statute in question, but agreed to pay $125 without prejudice to the rights of either party; the $125 being the amount payable out of the county treasury on salary of relator prior to the passage of the statute in question. Upon the refusal of the county treasurer to file and register the warrant and pay the full amount of the warrant, the relator filed his petition in the circuit court of Mobile county, seeking the writ of mandamus to compel the county treasurer to perform the duties required of him under and by virtue of the act in question and other statutes of the state. The respondent, in answer to the petition for mandamus, appeared and moved to strike paragraph 4 of the petition, and filed answer thereto. The answer admitted most of the allegations of the petition, but respondent rested his declination and refusal to comply with petition solely upon the ground that the act in question, copied above, was in violation of sections 68, 150, 105, and 218 of the Constitution of Alabama.

The circuit judges of Mobile county being interested in the proceeding, a special judge, Ben D. Turner, judge of the First judicial circuit, was appointed to hear, determine, and decide the questions raised' by the proceedings.

The cause coming on to be heard on the petition and answer and certified copy of the act of the Legislature, after being argued by counsel and considered by the court, the petition was granted and the peremptory mandamus directed to respondent as treasurer of Mobile county, to pay over to Saffold Berney the sum of $125 as the balance due as his salary for the month of September, 1923, which is payable out of the county treasury. From this judgment the respondent prosecutes this appeal.

[1-5] This court, after full consideration, has reached the conclusion that the circuit judge ruled correctly, and that the mandamus was properly issued, and that the judgment appealed from must be affirmed for the following reasons: The act in question was approved August 16, 1923, and therefore became effective on that date. The act does not attempt to compensate for past services, nor did the petition seek to recover compensation for past services, but only compensation for salary for the month of September, 1923, and consequently there is no attempt on the part of the Legislature, nor of the petitioner, to violate section 68 of the Constitution, which prohibits the granting of extra compensation by counties or municipalities after service shall have been rendered or contract made. For these reasons, section 68 of the Constitution can have no operation, neither does the statute in question nor the judgment of the trial court offend against section 150 of the Constitution. Section 150 of the Constitution provides, among other things, that judges of the circuit courts, "at stated times, [shall] receive for their services a compensation which will not be diminished during their official terms." The act did not seek to diminish the salaries of circuit judges, but on the contrary it sought to increase them, which is not inhibited or prohibited by the Constitution. It has been several times decided that the Legislature may increase the salary or compensation of judges of courts of record during their term of office, but they cannot diminish them. The act in question seeks to increase, but not to diminish, and is therefore not in violation of section 150. It has been decided by the Supreme Court of Alabama that judges of courts of record, which are included within section 150 of the Constitution, are taken without the operation of sections 281 and 68 of the Constitution, which prohibits either a decrease or increase in compensation of public offices; this for the reason that section 150 would be useless and could serve no purpose if the judges of the courts of record were public officers within the meaning of sections 281 and 68 of the Constitution, but the Constitution should be construed as a whole and effect given to each and all its provisions. Hence to hold that judicial officers included in section 150 were also included within the meaning of sections 281 and 68 would render section 150 entirely useless. That judges of courts of record are not so included is shown. Section 150 of the Constitution prevents the Legislature from diminishing the salary of judges of courts of record, but does not, as sections 281· or 68 of the Constitution, prevent increasing during the term of office. To prevent diminishing the salary during the term would by implication authorize increasing. If the Constitution had intended to prevent the Legislature from increasing the salary or compensation of judges of courts of record during their term it would have said so, as it did in sections 281 and 68 of the Constitution when it was dealing with public officers other than judges of courts of record. Such is the holding of the Supreme Court of Alabama in the cases of White v. State, 123 Ala. 577, 26 South. 343; Brandon v. Askew, 172 Ala. 160, 54 South. 605; Board of Revenue of Jefferson County v. City of Birmingham, 172 Ala. 138, 54 South. 757; Ex parte Lambert, 52 Ala. 79; State v. Sanders, 187 Ala.

79, 65 South. 378, L. R. A. 1915A, 795; Willett v. Weaver, 205 Ala. 268, 87 South. 601.

We cannot say that the statute in question, nor the judgment appealed from, offended against section 105 of the Constitution. The statute in question, quoted above, is not a special, private, or local law, but it is a general law, and is therefore not within the purview of section 105 of the Constitution. While it may be true that the statute when passed could then apply only to the county of Mobile, it may in the future become applicable to each and all of the counties in the state and to the entire state, and for this reason it is not a local law. The Supreme Court of Alabama, in construing section 105 in connection with sections 104 and 110 and other sections of the Constitution dealing with provisions of local and general statutes, has construed the provisions to the effect that it was not the intention of the Constitution to impair or restrict the power of the Legislature to classify such legislation if the classification was made in good faith and not arbitrarily, and that these provisions should not be given a strict construction nor such a construction as would block the wheels of legislation. A law which is general in its terms and is so framed that all parts of the state may come within its operation is a general law. The mere fact that at the time of its passage there might be parts of the state to which it could not apply does not render it a local law. Board of Revenue of Jefferson County v. Huey, 195 Ala. 83, 70 South. 744; Covington v. Thompson, 142 Ala. 98, 38 South. 679; Griffin v. Drennen, 145 Ala. 128, 40 South. 1016; Crenshaw v. Joseph, 175 Ala. 579, 57 South. 942. The statute is easily distinguishable from that of Reynolds v. Collier, 204 Ala. 38, 85 South. 465, and Brown v. Gay-Padgett Hdwe. Co., 188 Ala. 430, 66 South. 161, relied on by counsel for respondent.

[6] We are of the opinion that the act in question does not fall within the prohibition or inhibition of section 218 of the Constitution, which reads as follows:

"The Legislature shall not have the power to require counties or other municipal corporations to pay any charges which are now payable out of the state treasury."

Unfortunately we have been unable to find any decision of the Supreme Court or this court construing this section of the Constitution, nor have we been able to find any decision of courts of other states construing similar constitutional provisions. To say the best, and the most that can be said, it is certainly doubtful as to what is meant by "charges," as used in this section of the Constitution. Of course, if the payment of the salaries of circuit judges was a charge upon the state, then payable out of the state treasury within the meaning of the Constitution, then it must be admitted that the statute in question would be in violation of this section of the Constitution. To say the most that can be said against the validity of the statute as offending this section of the Constitution, the court is in doubt as to whether or not the salary of circuit judges at the adoption of the Constitution of 1875, or that of 1901, was a "charge" within the meaning of this section. To be in doubt as to the validity of a statute requires us to decide in favor of its constitutionality. No court will ever strike down or declare a statute void when it is in doubt as to the validity or invalidity of the statute. We can do no better on this subject than to quote the language of Justice Sayre in the case of State ex rel. City of Mobile v. Board of R. & R. Com. Mobile County, 180 Ala. 499, 61 South. 371:

"He who assails a statute on the ground that it is unconstitutional assumes the burden of vindicating his position beyond a reasonable doubt. State ex rel. Meyer v. Greene, 154 Ala. 254, 46 South. 268."

It is a solemn thing for courts to strike down a statute. A statute is an expression of the people of their will through their representatives selected for the purpose of making laws. Of course the statute cannot offend the Constitution, because the people themselves made the Constitution. But under our Constitution, as has been said by the Supreme Court of Alabama:

"The Legislature has a power which is so transcendent that it cannot be confined within any bounds either for cause or persons except such as are written in the organic law." Davis v. State, 68 Ala. 58, 44 Am. Rep. 128.

[7] It is a rule or canon of construction of both constitutional provisions and statutes that whenever there is doubt in the minds of the court as to the validity of a statute as offending against the Constitution, the courts will look to the contemporaneous construction placed upon the Constitution by the Legislature, as well as the officers who are charged with the duty of administering the laws, and especially when this construction placed upon constitutional provision was had by the members of the Legislature contemporaneous or nearly so with the adoption of the constitutional provision. As said by the Supreme Court of Alabama:

"If we were in doubt about the proper construction to be placed upon our statutes and the acts of Congress as to these sixteenth section lands, the contemporaneous construction, placed upon these various statutes by the courts and by the officers whose duty it was to construe them, should be looked to in reaching our conclusion in this case." State v. Board of School Commissioners, 183 Ala. 554, 63 South. 76; State ex rel. Turner v. Henderson, 199 Ala. 244, 74 South. 344, L. R. A. 1917F, 770.

Under section 218 of the Constitution of 1901, also section 9 of article 11 of the Con-

stitution of 1875, for nearly half a century statutes similar to the one here in question have been enacted by the Legislature by which the salary of circuit judges and courts of record have been supplemented by payments out of county treasuries and sometimes out of municipal treasuries, and the validity of such statutes has not heretofore been challenged. So far as we have been able to find, this is the first case that has ever reached an appellate court of this state in which the validity of a statute has been challenged as offending against section 218 of the Constitution, yet it is judicially known that there are dozens, if not scores, of statutes similar to the one in question, and which would offend against this section. These statutes have been enacted and enforced for nearly half a century, consequently this contemporaneous construction placed upon the Constitution by various Legislatures and by various officers called upon to enforce the statutes make a strong case for contemporaneous construction, and if the court were in doubt it would look to this contemporaneous construction in order to uphold the statute.

Moreover, the court is inclined to the opinion that the statute in question does not offend against section 218 of the Constitution, for the following reasons: It is a matter of common knowledge that for many years the Legislature created certain courts, sometimes denominated county courts and sometimes law and equity courts, and upon these courts conferred the jurisdiction of both the circuit courts and the chancery courts, and the salary of these judges of these legislative courts were paid out of the county treasury. Moreover, the creation of these courts of law and equity was specially authorized by the Constitution, which provides that a circuit and chancery court or courts having the jurisdiction of each, shall be held twice a year in each county, and the Constitution also provides that the Legislature may confer upon the circuit court or the chancery court the jurisdiction of both of said courts, and that in counties having two or more courts of record the Legislature may provide for the consolidation of all or any of such courts of record, except the probate court, with or without separate divisions, and a sufficient number of judges for the transaction of the business for the consolidation of such courts.

Section 148 of the Constitution provides:

"The Legislature may confer upon the circuit court or the chancery court the jurisdiction of both of said courts. In counties having two or more courts of record, the Legislature may provide for the consolidation of all or any such courts of record, except the probate court, with or without separate divisions, and a sufficient number of judges for the transaction of the business of such consolidated court."

And section 171 of the Constitution provides: .

"The Legislature shall have the power to abolish any court, except the Supreme Court and the probate courts, whenever its jurisdiction and functions have been conferred upon some other court."

These sections of the Constitution and others clearly show that it was the intention of the Constitution makers that it should be left to the legislative discretion as to whether the circuit and chancery courts as are referred to should remain, or whether the jurisdiction of the one should be conferred upon the other, or whether they should be consolidated into one court, or whether they should be abolished whenever their jurisdiction and functions should be conferred upon other courts. If the circuit and chancery courts should be abolished, and the jurisdiction conferred upon a county court for each county, there would certainly be no objection to a statute which required the county to pay the salary of a county court judge. It is a matter of common knowledge that in many of the counties, including that of Mobile, for many, many years there was a circuit court and a chancery court and a city court, or a law and equity court, which had the jurisdiction of both circuit and chancery courts; that the salaries of the circuit judges and chancellors were paid out of the state treasury, but the salaries of the county court judges or law and equity judge, who discharged the duties and functions of both circuit judge and chancellor, were paid at least in part out of the county treasury. This, as we have shown, was especially authorized by the Constitution; hence we can see no difference in effect when the Legislature abolished chancery courts, and abolished or discontinued county and law and equity courts, and conferred the jurisdiction and powers of both upon the circuit courts, and provided three circuit judges to perform and discharge the duties theretofore performed and discharged by the circuit judge, the chancellor, and the judge of the court of law and equity. We see no reason why the Legislature should not apportion the salaries of the circuit judges between the state and county.

As shown above, the Legislature would have the power to limit Mobile county to one circuit judge and create a county court with one or more judges who would perform the same duty, the same functions and powers as the circuit judge, and the county could be required to pay the salary of such county court judges. Hence we see no reason and no constitutional objection why the Legislature cannot apportion the salaries of the circuit judges between the state and county when the county courts or law and equity courts are abolished and discontinued and their duties and functions required to be performed by the circuit judges.

It therefore results that there is no error

in the judgment of the circuit court awarding the peremptory mandamus, and the judgment is in all things affirmed, and it is directed that writ of mandamus issue from the circuit court as adjudged and decreed by the circuit court.

Affirmed with directions.