148 So. 395

**WILSON v. SWINDLE, County Treasurer.**

6 Div. 342.

Supreme Court of Alabama.

May 18, 1933.

Davis & Curtis and W. W. Bankhead, all of Jasper, for appellant.

R. A. Cooner, of Jasper, for appellee.

BOULDIN, Justice.

Appellant, as solicitor of the Fourteenth judicial circuit, instituted this proceeding by mandamus in the circuit court to require appellee, as treasurer of Walker county, to pay a warrant issued to petitioner for an amount claimed to be due from Walker county pursuant to an Act of September 12, 1923 (Acts 1923, p. 267), providing that the solicitor of the Fourteenth judicial circuit shall receive "for his expenses the sum of Twelve Hundred Dollars' ($1,200.00), per annum," payable from the treasuries of the several counties in the circuit in proportion to the tax values thereof.

This act was expressly repealed by the Act of October 14, 1932 (Acts Extra Session 1932, p. 97).

Petitioner claims the protection of section 281 of the Constitution, forbidding a decrease in the compensation of a public officer during his term of office; that the repealing act cannot go into effect until the expiration of the present term, notwithstanding it declares it shall take effect from date of approval by the Governor.

Arguments are presented touching the constitutionality of the act of 1923. There is no need to determine this question, if the repealing act is constitutional and effective during petitioner's present term of office.

The Constitution contains several provisions touching the increase or decrease of the salaries or compensation of public officers during their terms of office. Among them:

Section 68, in the article on legislative department, in the nature of a limitation on legislative power to increase or decrease same.

Section 118, in the article on executive department, forbidding increase or decrease of compensation of named executive officers.

Section 150, in the article on judicial department, forbidding a decrease of salaries of judicial officers.

Section 281, in the article headed "Miscellaneous Provisions," a sweeping provision against "increasing or diminishing" the "salary, fees or compensation" of any civil officer of the state, county, or municipality during the term for which he shall have been elected or appointed.

If this were all, and conceding appellant's premise that the original act under which he claims was constitutional, his position would be correct.

But by section 167, also found in the article on judicial department, dealing specially

with circuit solicitors, we find: "* * * He shall receive no other compensation than a salary, to be prescribed by law, which shall not be increased during the term for which he was elected."

This court in Ex parte Stone, County Treasurer, 211 Ala. 601, 101 So. 62, approved the decision of the Court of Appeals in Stone, County Treasurer, v. State ex rel. Berney, Judge, 20 Ala. App. 69, 101 So. 58, holding that a special section dealing with this subject as to particular officers governs, rather than the general provisions embodied in sections 68 and 281; that section 150, forbidding a decrease, but not forbidding an increase of judicial salaries, left it open to the Legislature to increase such salaries during the terms of office.

We here have the same proposition.

Section 167 of the Constitution forbids an increase, but does not forbid a decrease in the salary of the circuit solicitors. On the authority of the above case, it follows the matter of a decrease in salary is left open to the Legislature.

Just why solicitors should be singled out and a different provision made from all other officers is not disclosed. That a different rule is prescribed when dealing with this specific subject is apparent from a reading of all these sections.

It is to be recalled that this section 167 worked a constitutional change in the compensation of solicitors from a fee basis theretofore in vogue to a salary basis. Apparently the Legislature was left free to readjust salaries, if found to constitute an undue burden, in view of the fees the solicitors should cause to be turned into the treasury.

Be this as it may, thus the Constitution is written. Courts should uphold it. It follows the repealing act is valid and in force, and the ruling of the trial court is sustained on that ground.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.