12 So.2d 342
**STATE ex rel. HYLAND v. BAUMHAUER et al.**
I Div. 190.

Supreme Court of Alabama.

Feb. 25, 1943.

Winston F. Groom, M. F. Dozier, and Dan T. McCall, Jr., of Mobile, and C. L. Hybart, of Monroeville, for the petition.

Harry Seale, of Mobile, opposed.

FOSTER, Justice.

On inquiry from the Court of Appeals, we expressed the view that the Act of May 26, 1931, No. 435, General Acts 1931, page 256, Code 1940, Tit. 62, § 461, was local as defined by section 110 of our Constitution, and cited Mobile County v. State, ex rel. Cammack, 240 Ala. 37, 197 So. 6.

That case is not directly in point, but its tendency we thought was favorable to that view. We entertained the opinion that the words in the Act "having a population of 67,200, according to the last Federal Census, and not more than 200,000, according to the last Federal Census," related to the status then existing; that the "last Federal Census" meant the last one prior to the passage of the Act. Our attention was not called to any authority to the contrary, and we thought that was the clear meaning of the Act.

On this review our attention has now been called to many cases and authorities which hold that the "last census" should be interpreted as having a prospective and progressive application, and not confined to a status existing at the time of the passage of the Act. See, 12 Am.Jur. 170, section 489; 15 Am. & Eng.Ann.Cases page 858; State v. Daniel, 87 Fla. 270, 99 So. 804, and many cases cited in those authorities.

We also find that our case of Griffin v. Drennen, 145 Ala. 128, 40 So. 1016, has adopted a similar construction of those terms in an act of the Legislature of this State, thereby taking the view which has been approved by the more modern authorities, to which reference has here been made supra. That case was cited as thus holding in Ward v. State, 224 Ala. 242, 244, 139 So. 416. We think we should not overrule Griffin v. Drennen, supra. There may be other acts drafted on its authority, possibly the very Act here in question.

It is therefore now appropriate to reverse our answer to the inquiry from the Court of Appeals, and declare as we did in Griffin v. Drennen, supra, that this Act has a prospective and progressive operation, and that it is not local on account of the contention now made.

All the Justices, except Justice THOMAS, agree to the above treatment of the constitutional question. Justice THOMAS adheres to our answer to the inquiry of the Court of Appeals referred to above.

But this does not mean that we should grant the writ of certiorari, for the briefs on this petition show that the other questions involved are of waiver, estoppel and contract obligations, which we discussed in the case of State ex rel. Hyland v. Baumhauer (State ex rel. Mantell v. Baumhauer), ante, p. 1, 12 So.2d 326, a companion case with this. There we made answer to an inquiry from the Court of Appeals on the same questions as those presently discussed in the briefs now under consideration. Those principles have again been studied by us in the Mantell case, and by denying the application for certiorari in that case, they have been this day reaffirmed in it and in the case of Jefferson County v. George I. Case, ante, p. 56, 12 So.2d 343 (this day decided).

We think it would serve no useful purpose to grant the writ in the instant case in order to review a status which has been settled so far as we view it.

Writ denied.

All the Justices agree that the writ should be denied.