This appeal arises from a complaint filed by Lomax Cassady, a taxpayer, in the District Court of Conecuh County. *Page 340 
The complaint was filed against the City of Evergreen, Alabama (City) and against Evergreen city councilman John Claiborne. The complaint alleged that Claiborne had unlawfully used municipal funds for travel expenses and had failed to account for these expenses or have them approved by the city council in a timely fashion as prescribed by statute. Cassady sought to recover for the City $500 in public funds, as well as court costs.
Claiborne filed a motion to dismiss Cassady's complaint pursuant to Rule 12(b)(6), Alabama Rules of Civil Procedure. Claiborne also challenged Cassady's standing to bring the suit against him.
Cassady subsequently amended his complaint twice to clarify his pleadings. Claiborne and the City then filed an amended motion to dismiss on the ground that the City had approved and ratified the payment of Claiborne's travel expenses. Thereafter, the district court entered an order finding that Claiborne had not properly itemized and presented his travel expenses to the city council as prescribed by statute, but that the City had ultimately ratified the expenses and cured Claiborne's error. The district court also implicitly found that Cassady did not have standing to bring the suit.
Cassady filed for a trial de novo of his claim in circuit court, and also filed a motion to enjoin the City from expending any municipal funds for the defense of Claiborne in the lawsuit filed by Cassady. The City then filed a motion to dismiss, alleging that Cassady had failed to make a claim against the City in his pleadings. Cassady filed another amended complaint, but did not add any new claims against Claiborne or the City.
The matter was set for hearing on April 9, 1991. At that time, the court dismissed the City as a party-defendant. After taking evidence ore tenus, the circuit court entered judgment for Claiborne. This appeal ensued.
We begin by recognizing that the disbursal of municipal funds to a city councilman for traveling expenses is governed by Chapter 7, Article 1, Code 1975. Section 36-7-3 of this statute provides that no sum will be advanced to any city officer or employee for travel beyond the city unless the city council first adopts a resolution that states the purpose and object of the proposed traveling. Any city officer who is advanced funds by the city to defray travel is required to present an itemized statement of expenditures immediately upon his return, and these expenses must be approved in a regular meeting of the city council within thirty days of presentment to the treasurer. § 36-7-2, Code 1975. If there is failure to present and approve these itemized expenses, the officer or employee will be personally liable to the city for the sum advanced to him. § 36-7-4.
In this case, Claiborne was permitted by the Evergreen City Council to attend a National League of Cities Convention in Washington, D.C., on March 2 through March 7, 1990. Claiborne's hotel room and transportation costs were prepaid by the City, and Claiborne was given a $500 advance to pay for food, taxis, and other expenses while attending the convention. Upon his return from the trip, Claiborne did not immediately submit an itemized list of his expenses to the council treasurer.
Cassady instigated his lawsuit as a taxpayer suing on behalf of the City to recover the funds advanced to Claiborne, after Claiborne failed to get timely approval of these expenses. In its order the district court found that Cassady did not have standing to bring the lawsuit, then ruled against him on the merits of the case.
Cassady subsequently sought a trial de novo in the circuit court. In its order the circuit court found that there was not sufficient evidence to show that the city council failed to properly approve Claiborne's expenses. The court further held that the council substantially complied with state law by retroactively approving Claiborne's expenses. However, the circuit court also explicitly adopted the order of the district court in its entirety. In so doing, the circuit court adopted the finding that Cassady did not have standing to bring the suit. The circuit court thus held that Cassady *Page 341 
did not have standing, but nevertheless ruled on the merits of the suit.
The United States Supreme Court has established that the question of standing turns upon whether the litigant is entitled to have the court decide the merits of the dispute.Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343
(1975). Standing imparts justiciability to the issues raised and is the threshold issue of every federal case. Warth.
Likewise, in cases brought in state court, the machinery of the court is not set into motion unless the plaintiff first alleges his right to bring suit to recover for a redressable injury. Exparte Izundu, 568 So.2d 771 (Ala. 1990). From these rules of law, it is axiomatic that a party who lacks standing cannot be granted relief upon his cause.
In this case, the circuit court denied relief to Cassady based on his lack of standing; thus, no justiciability was imparted to the substantive issues raised. Regardless of this, the trial court addressed these issues and based its judgment upon them. Review of this case thus presents us with a dilemma, i.e. whether to decide only the issue of standing or to decide both the issue of standing and the issue on the merits.
For reasons that are set out below, we hold that Cassady did have standing to bring his action. The trial court's holding on this issue is therefore due to be reversed. Nevertheless, we do not find that justice would be served by ordering a readjudication of the substantive issues in view of our holding on the issue of standing. The trial court has already been presented with the evidence on the merits of the case and judgment was rendered accordingly. The record of this adjudication is before us in full; thus, for purposes of judicial economy we will also review the court's judgment on the substantive issues raised. First, however, we must fully address the issue of Cassady's standing to bring suit in this case.
In most jurisdictions where an unlawful expenditure of money has been made by the officers of a municipal corporation and the municipal authorities neglect or refuse to act, a taxpayer may maintain an action to recover the amount for the city.See 64 CJ.S. Municipal Corporations § 2138 (1949).
In accordance with this rule, municipal officers may be compelled to restore municipal funds which they have wrongfully received from the corporation. In order to entitle a taxpayer to bring such an action, it must be shown that the municipality could have maintained the action in the first instance. 64 CJ.S. Municipal Corporations § 2138(b) (1949).
Under § 36-7-4, Code 1975, the City of Evergreen could maintain an action against Claiborne. It is uncontroverted that Claiborne failed to timely submit an itemized statement of his travel expenses as required by § 36-7-4. Under § 36-7-4, failure to comply with the statutory requirements for travel expenses shall render a city official personally liable for the sum advanced. The statute does not empower the city council to absolve the officer of such liability, nor does it specifically make prosecution of this liability optional.
The statute does not expressly provide a cause of action for a taxpayer against a city official for violation of § 36-7-4. However, we can ascertain no legislative intention to prevent such actions where a city refuses to act in the matter, as happened here. It is established that a taxpayer within a city has the right to bring a suit against a councilman to prevent
the city from wasting public funds. Martin v. Reed,480 So.2d 1180 (Ala.Civ.App. 1985). We can discern no real difference between preventing a city official from wasting municipal funds and forcing a city official to repay money to the city that was improperly disbursed to him. In Drennen v. Griffin, 150 Ala. 241,43 So. 785 (1907), a taxpayer in Birmingham brought suit to require the repayment of a part of the mayor's salary to the city, after the mayor had received an unlawful raise. Although the case was decided upon a procedural issue, the supreme court did not find that the taxpayer lacked standing to bring his suit. In light of the aforementioned *Page 342 
principles, we hold that Cassady had standing to bring this action as a taxpayer to require the repayment of alleged misappropriated public money.
The next issue raised on appeal is whether the circuit court erred in finding that Claiborne's liability for the advanced funds was absolved by the council's belated approval of his travel expenses.
After Cassady filed the lawsuit, the council convened and passed a resolution approving his expenditures, more than nine months after they were incurred. This resolution also specifically approved every expenditure made by any officer or employee of the City for the previous three years.
Under the statute, a councilman's travel expenses must be submitted by the officer to the governing body "immediately" upon the officer's return. "Immediately" means "quickly" and "without unnecessary delay." Stewart v. Wilson Printing Co.,210 Ala. 624, 99 So. 92 (1924); see also, Ex parte JeffersonDep't of Human Resources, 555 So.2d 1075 (Ala.Civ.App. 1989),cert. denied 555 So.2d 1077 (Ala. 1990) (party may be held in contempt for 110-day delay in complying with "immediate" order).
After timely presentment by the officer, the council must approve the officer's expenses within 30 days. There is no statutory means by which the city council may retroactively approve a public officer's travel expenses where the officer has failed to present them in a timely manner. Indeed, under the plain language of the statute, the council is empowered to approve these expenses only after timely presentment by the officer. Without such presentment, the expenses are automatically improper and the officer is thereby personally liable to the city for them. The council thus has no power to approve expenses that have not been properly presented before them.
Claiborne testified at trial that he presented a bill for his expenses to the city clerk sometime after his trip, but indicated that he did not do so immediately. Even if such presentment had been timely made, it is uncontroverted that the council failed to approve the expenses in the time and manner prescribed by statute.
The council argues that it substantially complied with the statute by belatedly approving Claiborne's expenses. However, where state law prescribes accounting measures necessary for the fiscal security of taxpayers in the state, a city may not pass a resolution that impliedly negates such law.Riverbend Partnership v. City of Mobile, 457 So.2d 371 (Ala. 1984). It is a fundamental interest of our government to prevent the misuse of public funds by elected officials. To this end, the legislature has enacted specific statutes that create a system of accountability for such officials.
The council concedes that the purpose of this statutory system is to ensure that expenditures of public funds are properly monitored. These statutes must be fully, not substantially, complied with in order to achieve their purpose. The council improperly circumvented these statutes by belatedly ratifying Claiborne's expenses. The council's resolution is thus completely without effect. The disbursement of funds to Claiborne was improper as a matter of law, and such funds are due to be repaid in accordance with § 36-7-4.
In view of the foregoing, the trial court erred in upholding the actions of the council. Its judgment is reversed and the cause remanded for the court to enter judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur. *Page 343