146 So. 411

## STATE v. PRAETORIANS.

### 3 Div. 43.

Supreme Court of Alabama.
Jan. 26, 1933.

Rehearing Denied March 9, 1933.

Goodwyn & Goodwyn and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellee.

A. W. Fulton, of Washington, D. C. for National Fraternal Congress of America, amicus curiæ.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for the State.

GARDNER, Justice.

Appellee is a fraternal life insurance company authorized and doing business in Alabama, and by this proceeding the state seeks the collection of what is designated by the parties a license or excise tax attempted to be imposed under the latter provisions of section 8505, Code 1923. As originally enacted (General Acts 1911, page 700, § 30), this statute contained only the exemption feature as follows: "Every fraternal benefit society organized or licensed under this act, is hereby declared to be a charitable and benevolent in-

stitution, and all of its funds shall be exempt from all and every State, county, district, municipal and school tax, other than taxes on real estate and office equipment."

In the process of codifying this particular statute there was added by the code committee the following provision: "But whenever any fraternal benefit society issues policies of life insurance based on the adequate rate plan as provided by the statutes of any state, or issues any health or accident insurance contracts or policies, then such societies shall pay to the state one per cent of all premiums on such policies or contracts issued to citizens of this state."

This new provision was included in, and adopted as a part of the Code, and appears in its completed form as section 8505.

Numerous objections on constitutional grounds are aimed at this feature of the statute. All objections save two will be laid out of view, and we gather from argument here presented these two are the grounds upon which the trial court rested his decision that this feature of the statute was invalid. They will be briefly considered. The first relates to section 221 of our Constitution, which prohibits the Legislature from permitting any person, firm, or corporation to pay a privilege, license, or other tax to the state and relieves him or it from the payment of all other privilege and license taxes in the state. This constitutional provision was considered in the recent case of Exchange Drug Co. v. State Tax Commission, 218 Ala. 115, 117 So. 673, 676, where it was held the words "all other" meant both municipal and county, and, if the prohibition applied to only one and not the other, there was no violation of this section of our Constitution. But speaking to this constitutional provision the court said: "In other words, section 221 forbids the Legislature to levy a license tax for the use of the state and at the same time relieve licenses of all other taxes of like kind."

The first part of section 8505 clearly and unequivocally relieved appellee from all such taxes as here involved, not only as to the state but also counties and municipalities.

But the latter part, that new to the Code of 1923, attempts to impose a tax for the state alone, and it is conceded that if the statute is to be read as a unit the position that it contravenes section 221 of our Constitution is most plausible.

The state insists, however, the Code section should be divided and construed to show a classification of fraternal insurance companies into those which are purely charitable and those issuing policies based on the adequate rate plan; and that it is the duty of the court to so construe the statute in view of the rule that the courts will incline to a construction favoring its validity unless invalidity plainly appears (Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021), and the further rule

that where a statute is capable of two constructions, one of which would render it invalid, and the other valid, the construction which will uphold its validity will be adopted. Wilkinson v. Stiles, 200 Ala. 279, 76 So. 45; Reynolds v. Collier, 204 Ala. 38, 85 So. 465.

The argument is ingenious, but not sufficiently persuasive. The statute as originally enacted exempted appellee from this character of tax, not only from the state, but all political subdivisions thereof. It attempted no distinction or classification but included "every" such fraternal society.

■ The added feature, which attempts to impose this tax, is in the form of an exception to the statute as originally enacted (see definition of the word "but" in vol. 1, Words and Phrases, Second Series, pages 540, 541; vol. 1, Words and Phrases, Third Series, page 978; vol. 1, Words and Phrases, First Series, page 926, and 9 Corpus Juris, p. 1106), and is to be construed as a limitation thereof. The original statute exempts every such society from this character of tax, and the exception added limits this exemption so as to take from without its operation those fraternal organizations issuing policies based on the adequate rate plan. This is all it purports to do, and the language gives no indication of any intention to limit the original statute to any greater extent. The language in this respect is plain and unambiguous, and in such a case the Legislature should be understood to mean what they plainly expressed, leaving no room for construction. Louisville & N. R. Co. v. Western Union Tel. Co., 195 Ala. 124, 71 So. 118, 124, Ann. Cas. 1917B, 696.

"The courts must confine themselves to the construction of the law as it is, and not attempt * * * to supply defective legislation, or otherwise amend or change the law under the guise of construction." 59 Corpus Juris 945.

■ Still another rule is applicable which runs counter to the argument for the state, and that is that exceptions, as a general rule, should be strictly, though reasonably construed, and are to be extended only so far as their language warrants. 59 Corpus Juris 1092. And our own decisions are in accord with this generally accepted rule. "If there is doubt about an exception or proviso in such a statute it must be judged on the assumption that the rule is broader than the exception, and all doubts and implications should be resolved in favor of the rule rather than the exception; that is to say, the latter is strictly construed when it is to modify or qualify comprehensive terms of an enactment." National Cast Iron Pipe Co. v. Higginbotham, 216 Ala. 129, 112 So. 734, 736; Umble v. State, 207 Ala. 508, 93 So. 531; Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626.

■ Under the state's insistence the exception to the original statute is to be construed

as not only permitting the tax for state purposes, in certain instances, but as further qualifying the all embracing exemption of the statute so as to exclude therefrom counties or municipalities. As we have previously emphasized the exemption in, the original statute was to every such society, and the reasoning for the state would enlarge rather than restrict the words of exception and extend the same beyond what its language fairly warrants. This is contrary to the above noted well-established rule of construction. To so construe the statute would be to rewrite it, which of course the court has no right to do. A study of this feature of the statute is rather persuasive that the lawmaking authorities in framing its provisions meant what has been plainly written, and overlooked for the moment the restrictive provisions of section 221 of our Constitution.

A consideration of the other constitutional objection is likewise fatal to this provision of the statute. The condition for the imposition of the tax is that the society issue policies "based on the adequate rate plan as provided by the statutes of any state," and it must be conceded that some definition or means of determining what is an adequate rate is necessary if the statute is to escape the principles of law recognized in State v. Goldstein, 207 Ala. 569, 93 So. 308; United States v. L. Cohen Grocery Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045. The statute has therefore provided the means of so ascertaining by stipulating that it may be such an "adequate rate plan as provided by the statutes of any state." Giving to these words their plain and obvious meaning would result in giving to the Legislature of a foreign state the authority to determine whether or not the society should be subject to the tax in this state, and a repeal or modification of the law of such foreign state must have its effect in this. This follows, as previously noted, by reason of the language of the statute for an adequate rate plan provided by the laws of any state. Our Constitution contemplates no such result, and legislation of that character has met emphatic condemnation by our court.

An analogous question was considered in the recent case of State v. Firemen's Fund Ins. Co., 223 Ala. 134, 134 So. 858, 860, 77 A. L. R. 1486, where the earlier case of Clark v. Port of Mobile, 67 Ala. 217, was quoted to the effect that such a result, as above indicated, could not be sanctioned, "for it would be confiding to a foreign jurisdiction that legislative discretion which the General Assembly of Alabama are constitutionally bound to exercise themselves, and which they cannot delegate or commit to another."

Not controverting the principle recognized and applied in these decisions, the argument for the state is to the effect that Alabama has provided such adequate rate plan, and as Alabama is embraced in the all inclusive words "any state," the statute should be construed, in order to uphold it from constitutional attack, as having reference only to the statutes of Alabama. But the logical result of this argument is to substitute for the word "any" the word "this," making the statute refer to adequate rate plan as provided by the laws of this state, rather than any state.

As we have hereinabove noted, when the language is plain and unambiguous, the meaning obvious, there is no room for construction. 59 Corpus Juris 955. " 'Possible or even probable meanings, when one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere.' * * * 'We can only learn what they intended from what they have said. * * * When their language is plain, no discretion is left to us. We have no right to stray into the mazes of conjecture, or to search for an imaginary purpose.' " Louisville & N. R. Co. v. Western Union Tel. Co., supra.

There is nothing in the statute indicating in any manner that the Legislature did not intend that the letter of the statute was to prevail (59 Corpus Juris 968), and the lawmaking body has used a word both broad in its scope and plain in its meaning, and has provided the adequate rate plan which may be such as is established by the laws of any state. We have no right to rewrite the statute and substitute the words "this state." The statute must be construed as thus plainly written, and as so construed comes within the condemnation of State v. Firemen's Fund Ins. Co., supra, and Clark v. Port of Mobile, supra.

Upon this last discussed constitutional question, the majority of the court, consisting of ANDERSON, C. J., THOMAS, BOULDIN, and FOSTER, JJ., prefer to express no opinion, since unnecessary to a decision of the cause, and they confine their concurrence to the question first herein considered.

Based upon the foregoing constitutional ground we are persuaded the trial court correctly ruled, and the judgment, will accordingly be here affirmed.

Affirmed.

All the justices concur.