89 So.2d 103

### STATE of Alabama

v.

### N. H. DAWSON et al., d/b/a Merchants Candy & Notions Co.

### 8 Div. 870.

Supreme Court of Alabama.

Aug. 2, 1956.

648

John R. Barnes, Florence, for appellees.

LAWSON, Justice.

This is an appeal by the State from a final decree of the Circuit Court of Lauderdale County, in Equity, vacating and setting aside a sales tax assessment made by the State Department of Revenue against the appellees, to whom we will refer sometimes hereafter as the taxpayer.

The question for decision here is whether the trial court was correct in holding that under the facts presented the taxpayer was entitled to the exemption provided by Act No. 587, approved August 30, 1951, Acts of Alabama 1950 and 1951, Volume 2, p. 1020. See Cumulative Pocket Part to Volume 7 of the Code of 1940, p. 371, where the provisions of the 1951 Act, supra, have been designated by the publisher as § 755(9), Title 51, Code of 1940.

John Patterson, Atty. Gen., Willard W. Livingston and James R. Payne, Asst. Attys. Gen., for appellant.

The pertinent provisions of the 1951 Act, supra, read:

"The sales tax levied by section 753, Title 51, Code of Alabama (1940), as amended shall not be due or collected on account of the gross proceeds of sales of peanuts, peanut products, candy and chewing gum sold in dispensing machines located in industrial plants or on private property for employees where such machines dispense exclusively articles not to exceed ten cents (10c) per sale, *provided that the person operating such machines shall be engaged in the business of selling exclusively articles not to exceed ten cents*

*(10¢) per sale* and shall file with the state department of revenue a sworn statement to that effect and shall keep and maintain records satisfactory to the state department of revenue." (Emphasis supplied.)

For the purposes of this appeal it is agreed that the assessment involved is based only on sales of peanuts, peanut products, candy and chewing gum, made from dispensing machines operated by the taxpayer subsequent to the effective date of the 1951 Act, supra, which machines were located "in industrial plants or on private property for employees" and that the machines dispensed exclusively articles which did not sell for more than ten cents a sale. It was also agreed that the taxpayer kept proper records and made the required statement.

But it is without dispute in the evidence that all during the period of time covered by the assessment the taxpayer was engaged in the business of selling at wholesale, articles which sold for more than ten cents per sale. It is because of this business activity that the State contends that the taxpayer is not entitled to the claimed exemption.

▆▆▆ It is the theory of the taxpayer, accepted by the court below, that the part of the proviso of the 1951 Act which we have italicized above, operates to deprive a taxpayer of the exemption only where such taxpayer has been engaged in the retail business of selling articles for more than ten cents a sale. The argument in support of this theory is in substance that since sales at wholesale are exempt from sales tax, the legislature in enacting the said proviso was not concerned with a taxpayer's wholesale operations. The appropriate office of a proviso is to restrain or modify the enacting clause, **or** proceding matter. Touart v. American Cyanamid Co., 250 Ala. 551, 35 So.2d 484. The legislature, of course, has the right to restrict or limit the exemption provided in the act in such a

manner and based on such conditions as it deems wise and proper.

To construe the exemption as contended by the taxpayer, it is necessary to prefix the word "retail" to the word "business" and we have said that the courts must confine themselves to the construction of the law as it is and not attempt to amend or change the law under the guise of construction. Holt v. Long, 234 Ala. 369, 174 So. 759; State v. Praetorians, 226 Ala. 259, 146 So. 411, 413.

The statute here in question is plainly written and to construe the proviso as having application only to retail business is to change the statute under guise of construction, an infringement upon the legislature's prerogative.

When language is plain and unambiguous, the meaning obvious, there is no room for construction. " ' "Possible or even probable meanings, when one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere" ' " State v. Praetorians, supra. Or, as has been said, in such cases, the courts "have no right 'to stray into the mazes of conjecture or search for an imaginary purpose' ". Holt v. Long, supra [234 Ala. 369, 174 So. 761]. See Hattemer v. State Tax Commission, 235 Ala. 44, 177 So. 156; State v. Bay Towing and Dredging Co., ante, p. 187, 85 So.2d 890.

The taxpayer is asking the courts to supply words not found in the statute itself and which could have been inserted therein by the legislature if it had intended so to do. The general rule with reference to a court supplying words said to be omitted from a statute, was quoted in our recent case of State v. Calumet & Hecla Consol. Copper Co., 259 Ala. 225, 66 So.2d 726, where we refused to read into an exemption statute words which the State contended were intended to be included therein.

And in addition to these well-settled principles, there is yet another applicable though hardly necessary to stress. That is,

the general rule that exemptions must be strictly construed in favor of the taxing power, though, of course, this rule does not call for a strained construction adverse to the real intention of the Legislature. Holt v. Long, supra; State v. Joe H. Brady & Associates, Ala., 87 So.2d 852.

We are clear to the conclusion that to hold with the taxpayer in this case would be nothing short of judicial legislation under the guise of interpretation.

The views here expressed are not in accord with those prevailing in the court below. It results, therefore, that the decree of the lower court must be reversed. The cause is remanded with directions to the trial court to enter a decree denying the relief sought by the taxpayer.

Reversed and remanded with directions.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.