242 So.2d 386

**GULF STEVEDORE CORPORATION,**
a Corporation,

v.

Harvey L. RABREN, as Commissioner of
Revenue of the State of Alabama.

3 Div. 453.

Supreme Court of Alabama.

Dec. 17, 1970.

Steiner, Crum & Baker and Walter R.
Byars, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue, and Asst. Atty. Gen., B. Frank Loeb, Asst. Counsel, Dept. of Revenue, and Asst. Atty. Gen., for appellee.

BLOODWORTH, Justice.

This case, originally assigned to another member of the court, has been reassigned to the writer.

Gulf Stevedore Corporation, the taxpayer, appeals from a final judgment of the circuit court of Montgomery County dismissing its petition for writ of mandamus which sought to obtain a refund of use taxes paid to the Alabama Department of Revenue.

The taxpayer asks that we reverse the trial court's judgment and direct the Commissioner of Revenue to certify a refund of the use taxes which the taxpayer contends it erroneously paid under mistake of law during the years 1967 and 1968. The parties stipulated that the use taxes paid during this period totalled, with interest, $24,389.07.

As the taxpayer correctly states in brief, the ultimate question for decision on this appeal is whether the trial court erred in holding that the taxpayer's transactions were subject to the Alabama use tax and were not exempted therefrom.

We are urged to reverse the trial court's decision, on three grounds: (1) The transactions involved are exempt from the use tax by the provisions of Title 51, § 789(1), Code of Alabama 1940, as amended (Recompiled 1958); (2) The use tax, as levied in this instance, is an infringement of governmental or sovereign immunity in violation of the supremacy clause of the U.S. Constitution, Art. VI, Cl. 2; (3) The transactions taxed constitute "wholesale sales" and are not subject to the use tax since it is applicable only to property purchased at retail. Title 51, § 788(a), Code of Alabama 1940, as amended (Recompiled 1958).

We agree with the taxpayer's first contention that the transactions involved are exempt from the use tax under Title 51, § 789(1), supra. Consequently, we need express no opinion as to the merits of the latter two grounds for reversal.

Taxpayer is a stevedoring firm which was awarded a contract with the U.S. Government to furnish cargo loading and stevedoring services, including the laying

of "dunnage" to properly store and secure cargo aboard ships. "Dunnage" consists of lumber (and other materials such as paper, tarpaulins and matting) which is used to floor off, secure, protect, shore and brace the cargo placed on board a ship. Once lumber has been used as "dunnage" it is the normal practice to throw it overboard or otherwise dispose of it as it is of no further use or value.

The terms of the contract between the taxpayer and the Government provided two alternative methods for obtaining lumber to be used as "dunnage" by the taxpayer in performing its stevedoring duties. The Government, at its own expense, could provide the lumber to the taxpayer or the Government could request that the taxpayer acquire and pay for the lumber for which it would be reimbursed for its actual out-of-pocket costs. The latter method was the means for obtaining the lumber in this case.

Pursuant to the agreement, the taxpayer obtained lumber from an out-of-state supplier, paid for it, and was reimbursed by the Government for its actual out-of-pocket costs. The total tax base upon which the Alabama use tax was computed and paid by the taxpayer in 1967 and 1968 was the cost of the lumber. There is no dispute that the lumber was used as "dunnage" to store government cargo aboard ships plying the high seas in foreign commerce.

The taxpayer contends that lumber used as "dunnage" is exempt from the Alabama use tax by Title 51, § 789, supra, which provides:

"§ 789. Exemptions.—The storage use or other consumption in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this article:

\* \* \* \* \* \*

"(1) Fuel and supplies for use or consumption aboard ships plying the high seas either in intercoastal trade between ports in the state of Alabama and ports in other states of the United States or its possessions or in foreign commerce between ports in the state of Alabama and ports in foreign countries. Provided, however, that nothing in this article shall be construed to exempt or exclude from the measure of the tax herein levied the gross proceeds of sale or sales of material and supplies to any person for use in fulfilling a contract for the painting, repair, or reconditioning of vessels,· barges, ships and other watercraft.

"\* \* \*"

Does "dunnage" constitute "supplies" within the purview of this statute? This court answered that question affirmatively in State v. Lykes Brothers Steamship Company, 277 Ala. 178, 168 So.2d 211 (1964). In that case, the court was construing an exemption provision of the State sales tax statute, which is practically identical to the statute in question here. The court noted the temporary use and expendable nature of the materials used as "dunnage" aboard ships, and held that "dunnage" did constitute "supplies" within the context of the statutory exemption.

The Commissioner of Revenue argues, however, that the exemption allowed by the statute applies only when the "dunnage" is purchased by the ship's owner or operator. He contends that it has been the administrative policy of the Department of Revenue to exempt only those supplies and fuel which were purchased by the ship's owner or operator for use or storage aboard the ship during the voyage. Incidentally, the record appears to be devoid of evidence to support the existence of such administrative interpretation.

Even so, to reach this conclusion it seems to us it would be necessary to engraft onto the statute immediately following the word "supplies" the additional words "purchased by the ship's owner or operator." To so construe the statute would be to rewrite it, which, of course,

we have no right to do.  State v. Praetorians, 226 Ala. 259, 261, 146 So. 411 (1933).

It has frequently been stated that exemption statutes are to be construed most strongly against those asserting an exemption and in favor of the taxing power. State v. Lykes Brothers Steamship Company, supra; State v. Wertheimer Bag Co., 253 Ala. 124, 127, 43 So.2d 824 (1949). However, if the act expressed the intent to exempt certain property, judicial construction is not appropriate to defeat the exemption.  State v. Union Tank Car Company, 281 Ala. 246, 249, 201 So.2d 402 (1967); State v. Advertiser Company, 257 Ala. 423, 428, 59 So.2d 576 (1952).

This is not the first instance in which we have been urged to read words into a tax statute.  In State v. Dawson, 264 Ala. 647, 649, 89 So.2d 103, 105 (1956), the taxpayer asked us to prefix the word "retail" to the word "business" in a portion of the sales tax statute.  The court very positively stated, " * * * that the courts must confine themselves to the construction of the law as it is and not attempt to amend or change the law under the guise of construction. (Citing cases) * * *."  The court further concluded:

"When language is plain and unambiguous, the meaning obvious, there is no room for construction. ' " ' "Possible or even probable meanings, when one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere." ' " '  State v. Praetorians, supra.  Or, as has been said, in such cases, the courts 'have no right "to stray into the mazes of conjecture or search for an imaginary purpose." ' (Citing cases) * * *."

In State v. Calumet & Hecla Consol. Copper Co., 259 Ala. 225, 232, 66 So.2d 726, 729, this court quoted with approval from 59 Corpus Juris 992–993, that,

" ' * * * words will not be added [to a statute] except when necessary to make the statute conform to the obvious intent of the legislature or prevent the act from being absurd; and where the legislative intent cannot be accurately determined because of the omission, the court cannot add words so as to express what might or might not be intended.' "

We think that this section of our Alabama use tax statute is clear.  It provides an exemption from use tax for "supplies" used aboard ships plying the high seas in foreign commerce.  We have heretofore held that "dunnage" constitutes "supplies" within the scope of the statute. To read into the statute the additional requirement that the "supplies" must be purchased by the ship's owner or operator would, in our view be tantamount to judicial legislation under the guise of interpretation.  State v. Dawson, supra.

We find therefore that the use taxes paid by taxpayer during the years 1967 and 1968 were erroneously imposed.  The Commissioner of Revenue is directed to certify a refund for payment to the taxpayer of $24,389.07, which is the total of use taxes and interest paid during this period.

Reversed and rendered.

SIMPSON, COLEMAN, MADDOX and McCALL, JJ., concur.