This is a corporate income tax case.
Appellant, Kimberly-Clark Corporation (taxpayer), appeals the order of the trial court denying its petition for a writ of mandamus requiring the Commissioner of Revenue of the State of Alabama to refund to the taxpayer amounts representing overpayment of income tax for the years 1974, 1975, 1976 and 1977.
The facts of the case, as stipulated by the parties in the court below, are as follows:
 "1. The Taxpayer is a corporation organized and existing under the laws of the State of Delaware, with its principal executive office in Neenah, Wisconsin, and is qualified to do business in the State of Alabama.
 "2. This is an action for the recovery of income taxes paid by the Taxpayer for the years 1974-1977. This Court has jurisdiction of this action under the provisions of § 40-18-43, Code of Alabama 1975.
 "3. As a foreign corporation for State of Alabama income tax purposes, the Taxpayer apportioned its income to the State of Alabama in accordance with the three-factor formula used in Department of Revenue Regulation 31.2 which regulation is applicable to foreign corporations with multi-state operations.
 "4. Beginning in 1973, the Taxpayer embarked on a construction program designed to bring its pollution control facilities in the state of Alabama into compliance with this State's air and water quality standards established in 1972. The Taxpayer, in the course of a five year period, spent the following amounts for pollution control facilities in the State of Alabama:
 Year Amount ---- ------
 1973 $ 38,358 1974 1,415,052 1975 2,103,858 1976 9,753,615 1977 5,935,972
 Pursuant to § 40-18-35 (12), Code 1975, the taxpayer elected to deduct in full the amount of the foregoing expenditures for pollution control facilities as incurred in each year from income apportioned to the State of Alabama.
 "5. For federal income tax purposes the Taxpayer capitalized the foregoing amounts expended for pollution control facilities in the year such facilities were placed in service and deducted as an allowance for depreciation of such facilities the following amounts: *Page 568 
Year
 1974 $ 110,034 1975 353,430 1976 1,211,439 1977 2,252,838
 "6. Having elected under § 40-18-35 (12) to deduct in the year expended the full amount spent for such pollution control facilities, the Taxpayer is not allowed depreciation deductions with respect to such facilities. To make an adjustment for depreciation deductions for such facilities, the Taxpayer added the foregoing amounts allowed as depreciation deductions for federal income tax purposes to apportionable income in the Taxpayer's State of Alabama corporation income tax returns for these four years.
 "7. The Alabama Department of Revenue disagreed with the Taxpayer's method of adding back the depreciation deductions described in paragraph 6 above and added the depreciation deductions to the Taxpayer's income apportioned to the State of Alabama for corporation income tax purposes. The Taxpayer paid the additional tax and interest resulting from the Department of Revenue's adding such depreciation deductions to the Taxpayer's income apportioned to Alabama rather than to the Taxpayer's apportionable income.
 "8. The Department of Revenue had no regulation concerning § 40-18-35 (12) until 1979. Since 1973, it has been the Alabama Department of Revenue's position in interpreting § 40-18-35 (12) to add back such depreciation deductions for pollution control facilities to a taxpayer's income apportioned to the State of Alabama. Various taxpayers have disagreed with the Department of Revenue's interpretation of § 40-18-35 (12).
 "9. In conformance with the provisions of § 40-18-43, Code 1975, the Taxpayer timely filed an Application for Refund of Income Tax for each of the four tax years in the amounts stated below:
 Year Tax Interest ---- --- --------
 1974 $ 3,167.00 $ 475.05 1975 $10,394.00 $ 935.46 1976 $34,866.00 $ ----- 1977 $82,474.00 $2,057.00
 The Alabama Department of Revenue took no action with regard to this request for refund."
Section 40-18-35, Code 1975, provides in pertinent part:
 "In computing the net income of foreign corporations doing business in this state subject to the tax imposed by section 40-18-31, there shall be allowed as deductions the items described in the following numbered subdivisions of this section, but only if, and to the extent that, such items are referable to or arise in connection with income of such corporations arising from sources within the state of Alabama; the proper apportionment and allocation of deductions of such foreign corporations with respect to the income arising from sources within and without the state of Alabama shall be determined under the rules and regulations prescribed by the department of revenue; provided, that in the case of foreign corporations doing business partly within and partly without Alabama where income is apportioned and allocated to Alabama the expense incurred by such corporation in connection with earning such income shall be apportioned to Alabama in such manner as shall fairly reflect the net income of the corporation attributable to its operations in Alabama; provided, that none of the deductions allowed by subdivision (12) of this section shall be subject to any such apportionment or allocation and all thereof shall be allowed in full, any provisions thereof to the contrary notwithstanding. Subject to the limitations contained in the preceding sentence, there shall be allowed as deductions in computing the net income of corporations:
. . . .
 "(6) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence;
. . . .
 "(12) All amounts invested during the taxable year in all devices, facilities or *Page 569 
structures and all identifiable components thereof or materials for use therein, used or placed in operation in the state of Alabama, or to be used or placed in operation in the state of Alabama, acquired or constructed primarily for the control, reduction or elimination of air or water pollution; provided, that in lieu of deducting such amounts, the corporation may elect to amortize all such amounts over such period, not exceeding the useful life of devices, facilities or structures for which such amounts were expended, as it specifies in its tax return respecting the taxable year during which such amounts were expended, in which case it shall be entitled to appropriate deductions for the taxable years so specified; and provided further, that the taking of any deduction authorized by this subdivision shall be optional with the corporation; and that if any such deduction is taken with respect to such devices, facilities or structures, such corporation shall not be permitted any allowance for depreciation or obsolescence thereof otherwise allowable under this section."
As counsel for amicus curiae, Associated Industries of Alabama, Inc., points out in brief, the controversy involved in this appeal stems from the fact that the Alabama Foreign Corporation Income Tax Return (Form 20-F) utilizes as its beginning figure the amount shown on line 28 of the corporation's United States Corporation Income Tax Return (Form 1120). The amount shown on line 28 of a corporation's federal form reflects deductions taken for depreciation, including depreciation on air pollution control facilities. This deduction cannot be taken under Alabama law when a deduction is taken under § 40-18-35 (12). Thus, in order to comply with §40-18-35 (12), a corporation must "add back" the amount deducted for depreciation on its federal form when reporting income on the state form.
As recognized by the parties in the stipulation of the facts, a foreign corporation computes its Alabama income tax by allocating to Alabama a percentage of its total business income. Alabama Income Tax Regulation 31.2 (9). The issue on appeal, as it was in the court below, is whether the amounts deducted on the federal form and otherwise allowable as depreciation deductions for pollution control facilities in the state of Alabama are, for purposes of determining the taxpayer's Alabama corporation income tax liability, to be added to apportionable income (income before application of the apportionment fraction) or to apportioned income (income after application of the fraction).
The Commissioner takes the position that the deductions must be added back to apportioned income; otherwise, the foreign corporation receives a permanent tax avoidance of the amount deducted under § 40-18-35 (12). We find no authority in §40-18-35 in support of this position. On the contrary, it seems clear from the language of the statute that a permanent tax avoidance is exactly what the legislature intended.
It is obvious that the legislature intended that paragraphs 6 and 12 of § 40-18-35 contain two separate deductions. The use of the deduction in paragraph 12 precludes the use of the deduction in paragraph 6. Section 40-18-35 (12) contains no provision to recapture the deduction it grants; there is no "add back" provision. As counsel for amicus curiae so ably points out, if the Alabama form required an independent itemization of deductions, rather than using the income amount reported on the federal form, there would be no "add back." The deduction simply would not be taken in computing apportionable income.
Essentially, the position taken by the Commissioner would remove an amount from income before application of the apportionment formula, and then return the amount to income after application of that formula. This is in direct violation of § 40-18-35, which provides that all expenses incurred by foreign corporations in connection with earning Alabama income "shall be apportioned to Alabama in such manner as shall fairly reflect the net income of the corporation attributable to its *Page 570 
operations in Alabama." The only exception to that provision is the deduction allowed in paragraph 12.
The position of the Commissioner confuses paragraph 6 with paragraph 12. The order of the trial court shares this confusion:
 "The Court concludes if election is made under § 40-18-35 (12), Code 1975, the amount already claimed as depreciation must be added back to income; these additions must be included in apportioned income since the depreciation came directly from apportioned income."
The depreciation being "added back" is paragraph 6 depreciation — not paragraph 12 depreciation. Since paragraph 6 depreciation comes directly from apportionable income, it should be "added back" to apportionable income.
In interpreting a statute, it is the court's duty to ascertain and give effect to the legislative intent as expressed in the words of that statute. Winstead v. State,375 So.2d 1207 (Ala.Civ.App.), cert. denied, 375 So.2d 1209 (Ala. 1979). It was obviously the legislature's intent in enacting §40-18-35 (12) to give to corporations a tax incentive to encourage investment in pollution control facilities. The circuit court's interpretation substantially reduces the incentive granted by the legislature, and is contrary to the plain meaning of the words of the statute. See Gulf StevedoreCorp. v. Rabren, 286 Ala. 482, 242 So.2d 386 (1970). We therefore reverse and set aside the judgment of the trial court and remand to that court with direction to enter judgment in favor of the taxpayer for the amount of tax heretofore paid and due to be refunded. The trial court is thereafter directed to require the department of revenue to certify to the comptroller the amount to be refunded as provided in § 40-18-43, Code of Alabama 1975.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.