600 So.2d 387 (1991)
M.C.
v.
STATE.
CR-90-850.
Court of Criminal Appeals of Alabama.
November 15, 1991.
Rehearing Denied December 27, 1991.
Certiorari Quashed June 26, 1992.
*388 Thomas E. Parker, Jr. of Berry, Ables, Tatum, Little & Baxter, P.C., Huntsville, for appellant.
James H. Evans, Atty. Gen., and Norbert H. Williams, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1910528.
PER CURIAM.
The appellant appeals from a judgment of contempt. He contends that the juvenile court erred in denying his motion to dismiss the State's contempt motion because, he argues, that court did not have jurisdiction to enter such an order.
The record reveals that the appellant was adjudged to be a delinquent child on November 1, 1989. He was under the age of 18 at the time he committed the offense for which he was adjudged delinquent. He was placed on probation and was required to pay court costs and restitution, to serve 100 hours of community service, and to attend highway intoxication school. On July 16, 1990, the appellant was found guilty in Huntsville city court of indecent exposure. On August 3, 1990, he was found guilty in Huntsville City Court of striking a parked vehicle. He was 19 years old when he committed these latter offenses. The State filed a contempt motion on August 13, 1990, and the motion was granted and a contempt order entered on March 1, 1991. The appellant contends that the juvenile court did not have jurisdiction to enter the contempt order because the juvenile court's jurisdiction had been terminated under § 12-15-32(b), Ala.Code 1975. We agree.
In order to hold a person in contempt, a court must have jurisdiction over the person and the subject matter. State v. Thomas, 550 So.2d 1067 (Ala.1989). Section 12-15-32(b) provides that "[i]f a minor already under jurisdiction of the court is convicted in a criminal court of a crime committed after the age of 18, the conviction shall terminate the jurisdiction of the juvenile court." (emphasis supplied.) Our reading of § 12-15-32 indicates that there are three ways in which the jurisdiction of the juvenile court is terminated. First, the jurisdiction of the juvenile court automatically terminates once the "child" reaches the age of 21. Ala.Code 1975, § 12-15-32(a). Second, the juvenile court's jurisdiction terminates upon the juvenile court's order. Id. Finally, the jurisdiction of the juvenile court terminates if the "child" is convicted of a crime in criminal court that he committed after the age of 18. Ala.Code 1975. § 12-15-32(b).
The record reveals that the appellant was convicted of a crime in a criminal court that he committed after the age of 18. Thus, the jurisdiction of the juvenile court was terminated at that time.
When the statutory language is plain and unambiguous, this court must give effect to the legislature's intent, and there is no room for construction. State v. Dawson, 264 Ala. 647, 89 So.2d 103 (Ala. 1956). It is the duty of this court to give effect to the intent of the legislature as expressed in the words contained in the statute. Ex parte Rodgers, 554 So.2d 1120 (Ala.1989); Deerman v. State, 448 So.2d 492 (Ala.Crim.App.1984). The intent of the legislature in enacting § 12-15-32(b) is clear from the language of the statute. Apparently the legislature believed that after an individual reaches the age of 21 or is convicted of an offense in criminal court committed after reaching the age of 18, there is nothing more that the juvenile court system can do to punish, treat, help, and/or rehabilitate that individual. We can *389 find no other reason for enacting the statute.
The State relies on § 12-15-34(h), Ala. Code 1975, and argues that the juvenile court lost its jurisdiction only as to any new offenses committed by the appellant. We disagree with this contention for two reasons. First, once an individual reaches the age of 18, the juvenile court no longer has exclusive, original jurisdiction over him. See Ala.Code 1975, §§ 12-15-1 and 30. Thus, there was no reason for the legislature to enact § 12-15-32(b) unless it intended to completely terminate the jurisdiction of the juvenile court. Second, § 12-15-34(h) applies to situations in which a child is transferred to criminal court from juvenile court. This statute applies to cases in which the juvenile court could still have exercised jurisdiction over the child for the charged offense. There is no indication in the statute that § 12-15-34(h) expressly or impliedly repealed § 12-15-32(b).
For the reasons set forth above, the judgment is due to be reversed and the case remanded. Upon remand, the trial court is directed to dismiss the contempt order against the appellant for lack of jurisdiction.
REVERSED AND REMANDED.
All the Judges concur.