THOMPSON, Judge,
dissenting.
I respectfully disagree. The trial court improperly made reference to Alfa’s uninsured/underinsured motorist coverage and wrongly considered the amount of that coverage when dividing the interpleaded proceeds of the State Farm liability policy amongst the injured parties.
One can certainly empathize with the unenviable position of the trial judge. He obviously determined that the funds available from the State Farm policy were not adequate to cover the damages presented by the various parties. However, the proceeds from the Alfa policy were not available to remedy this dilemma.
The trial court’s decision dealt with Alfa’s $40,000 uninsured/underinsured motorist policy limits as if they were funds that were before the court as part of the interpleader. They were not.
Alfa was not a party to this action, but, in essence, it was made one in the trial court’s judgment. The trial court’s decision allows the other parties to the interpleader to share in Barbee’s uninsured/underinsured motorist coverage.
In this regard, I find Putman v. Womack, 607 So.2d 166 (Ala.1992), to be on point. In Putman, the trial court awarded the three injured parties in an action for interpleader equal shares of the funds before the court. Ms. Putman, one of the three injured people, asserted that she should be awarded a greater amount of the funds because the other two parties to the interpleader had been paid benefits from their own uninsured motorist policies.
Our Supreme Court refused to accept Ms. Putman’s argument. “To allow her to recover more than a proportional share of the interpleaded proceeds would, in effect, allow her to recover under the provisions of the other policies, under which she is not an insured.” Id. at 169.
The trial judge in the present matter, when evaluating the individual claims of the parties to the interpleader, determined that Barbee’s claim was the most valuable claim of all the parties. However, when the inter-pleaded funds were divided, Barbee’s portion was significantly less that two of the other injured parties. Additionally, Barbee was ordered by the court to repay $12,000 of the amount awarded to her “upon payment of her underinsured motorist proceeds by Alfa Insurance Company.”
Underinsured motorist coverage is not an extension of liability coverage. Underin-sured motorist coverage is a type of coverage that does not apply unless the total amount of liability coverage available to the injured party is less than the damages which the injured party is legally entitled to recover. See Ala.Code 1975, § 32-7-23. In this case, had the trial court made an award of the interpleaded funds that was proportionate to its assessment of the injuries sustained by the parties, Alfa’s underinsured motorist exposure for Barbee’s injuries might arguably have been less.
*501 The majority opinion states that the judgment rendered in the interpleader action does not serve to prevent Alfa from litigating its liability to Barbee under her uninsured motorist coverage with the company. It correctly states that the doctrines of res judica-ta and collateral estoppel will not apply because no adjudication was made as to Alfa’s liability. However, I am not persuaded that this is valid reason to deny Alfa’s request. It is the possibility of such further litigation and negotiation that gives rise to Alfa’s request to have the potentially damaging references to Barbee’s policy removed from the judgment.
Although I am mindful of the broad discretion vested in the trial court when ruling on Rule 60(b), Ala.R.Civ.P., motions, I believe that the exceptional circumstances of this case require relief under Rule 60(b)6.
The trial court should have granted Alfa’s request and removed from the judgment all references to Barbee’s insurance coverage with Alfa. Therefore, I dissent from the majority opinion.